AES:DG
F. #2016R01231

FILED
CLERK

2018 FEB -5 PM 4:08

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

STELLA BOYADJIAN,
HRACHYA ATOYAN and
DIANA GRIGORYAN,
 also known as "Dina Akopovna,"

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

INDICTMENT

Cr. No. CR 18 - 57

(T. 18, U.S.C., §§ 371, 982(a)(1),
982(a)(6), 982(b)(1), 1028A(a)(1),
1028A(b), 1028A(c)(7), 1546(a),
1956(a)(2)(A), 1956(h), 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p))

BRODIE, J.

BULSARA, M.J.

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.  **The P-3 Visa Program**

1.  The P-3 visa program allowed foreign nationals ("Aliens") to come to the United States temporarily to perform, teach and coach, as artists and entertainers, in connection with unique and traditional ethnic, folk, cultural, musical, theatrical and artistic performances and presentations.

2.  To obtain a P-3 visa for an Alien, United States employers or sponsors had to submit a Petition for Non-Immigrant Worker ("Form I-129") and supporting documents to the Department of Homeland Security, United States Citizenship and Immigration Services ("USCIS"). The supporting documents had to include, among other things, an explanation of the culturally unique event(s) and evidence regarding the authenticity of the Alien beneficiary's skill or cultural uniqueness.

II. The Defendants and Relevant Entity

3. The defendant STELLA BOYADJIAN, an Armenian-born, naturalized U.S. citizen, was a resident of Queens, New York. BOYADJIAN was the operator and principal member of the Big Apple Music Awards Foundation Inc. ("BAMA").

4. The defendant HRACHYA ATOYAN, an Armenian citizen, came to the United States on a P-3 visa on or about December 30, 2013. ATOYAN obtained his P-3 visa in connection with a Form I-129 submitted by BAMA. In or about February 2014, BOYADJIAN filed a Form I-129 to extend ATOYAN's P-3 visa, which was subsequently extended through December 31, 2014. ATOYAN overstayed his visa and currently resides in Glendale, California without legal status.

5. The defendant DIANA GRIGORYAN, also known as "Dina Akopovna," an Armenian citizen, came to the United States on a P-3 visa on or about December 20, 2013. GRIGORYAN obtained her P-3 visa in connection with a Form I-129 submitted by BAMA. In or about February 2014, BOYADJIAN filed a Form I-129 to extend GRIGORYAN's P-3 visa, which was subsequently extended through December 31, 2014. GRIGORYAN currently resides in Armenia.

6. BAMA was a non-profit corporation established in 2010 and based in Queens, New York. BAMA's Articles of Incorporation stated that the organization "supports and embraces the talent of ethnic culture, Caucasian and Central Asian, by creating multicultural events for the community and having public television programs that will highlight the arts and music."

III. The Fraudulent Scheme

7. In or about and between January 2013 and December 2014, the defendants STELLA BOYADJIAN, HRACHYA ATOYAN and DIANA GRIGORYAN, also known as "Dina Akopovna," together with others, engaged in a scheme to solicit Aliens and charge them fees to fraudulently obtain P-3 visas by submitting false Forms I-129 and supporting documents to the USCIS.

8. As part of the scheme, the defendants and their co-conspirators solicited and obtained false documents and other evidence to include in Forms I-129 and for certain Aliens to use in their P-3 visa interviews. Among other things, the defendants and their co-conspirators obtained fake dance certificates and arranged for those Aliens to be photographed in Armenian dance costumes to make it appear as though they were traditional Armenian musicians, singers and performers, when in fact, as the defendants then and there well knew and believed, they were not.

9. The defendants and their co-conspirators also used Armenian-based organizers, individuals whose identities are known to the Grand Jury, to help recruit Aliens to the United States. The defendants and their co-conspirators informed those Alien applicants about how to falsely answer questions during P-3 visa interviews and provided the Aliens with false documents to use during their P-3 visa interviews.

10. In exchange for obtaining P-3 visas for certain Aliens by facilitating the submission of fraudulent Forms I-129 to the USCIS, the defendants and their co-conspirators collected fees ranging from approximately $3,000 to $15,000 per Alien applicant. The defendants and their co-conspirators also charged Alien applicants additional fees in order to facilitate the submission of applications for extensions of the fraudulently-obtained P-3 visas.

11. The defendants and their co-conspirators furthered their scheme by creating flyers and other documents purporting to hold BAMA concerts and events in the United States. The defendants and their co-conspirators included these documents, which falsely stated that concerts and events were scheduled on specific dates in specific venues in the United States, in Forms I-129 and supporting documents submitted to the USCIS.

## COUNT ONE
(Conspiracy to Defraud the United States, Commit Visa Fraud and Unlawfully Bring in Aliens)

12. The allegations contained in paragraphs one through 11 are realleged and incorporated as if fully set forth in this paragraph.

13. In or about and between January 2013 and December 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants STELLA BOYADJIAN, HRACHYA ATOYAN and DIANA GRIGORYAN, also known as "Dina Akopovna," together with others, did knowingly and willfully conspire to commit one or more offenses against the United States, to wit:

(a) to defraud the United States by impeding, impairing, and obstructing the lawful governmental functions of the USCIS to administer, regulate, and enforce the regulations and laws relating to the implementation of the P-3 visa program;

(b) to knowingly subscribe as true, under penalty of perjury under Title 28, United States Code, Section 1746, one or more false statements with respect to material facts, to wit: that Alien applicants for P-3 visas were culturally unique artists and performers and part of culturally unique programs scheduled to perform in the United States, in applications, affidavits and other documents required by the immigration laws and regulations prescribed thereunder, to wit: Forms I-129 and supporting documents, and knowingly present such

applications, affidavits and other documents which contained false statements and which failed to contain any reasonable basis in law and fact, contrary to Title 18, United States Code, Section 1546(a); and

(c) to encourage and induce Aliens to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence in the United States was and would be in violation of law, contrary to Title 8, United States Code, Section 1324(a)(1)(A)(iv).

14. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants STELLA BOYADJIAN, HRACHYA ATOYAN and DIANA GRIGORYAN, also known as "Dina Akopovna," together with others, did commit and cause to be committed, among others, the following:

## OVERT ACTS

(a) On or about July 23, 2013, GRIGORYAN sent a Facebook message to BOYADJIAN stating, in part, that an Alien beneficiary of a Form I-129 would be an "overstay."

(b) On or about July 24, 2013, BOYADJIAN sent GRIGORYAN a Facebook message listing, in part, the names and dates of birth of seventeen Alien beneficiaries of a Form I-129 filed by BAMA on or about August 16, 2013. A dollar amount was listed next to each beneficiary.

(c) On or about September 29, 2013, GRIGORYAN arranged for the beneficiaries of a Form I-129, submitted by BAMA, to dress in traditional Armenian costumes and pose for photographs.

5

(d) On or about July 29, 2014, BOYADJIAN submitted a Form I-129 and supporting documents to extend several P-3 visas. The Form I-129 and supporting documents claimed, among other things, that the beneficiary group, the "Hayko Folk Group," had upcoming performances scheduled in the United States.

(e) On or about August 14, 2014, BOYADJIAN sent ATOYAN an email attaching, among other things, a document authorizing ATOYAN to represent BAMA in California.

(f) On or about August 21, 2014, BOYADJIAN set up a virtual office for "St. George Orthodox Church."

(g) On or about August 25, 2014, BOYADJIAN submitted a Form I-129 and supporting documents. The Form I-129 and supporting documents listed "St. George Orthodox Church" as the petitioner and claimed, among other things, that the beneficiary group, the "Kohar Group," had an upcoming performance scheduled in Chicago, Illinois.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNTS TWO THROUGH ELEVEN
(Visa Fraud)

15. The allegations contained in paragraphs one through 11 are realleged and incorporated as if fully set forth in this paragraph.

16. On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendants set forth below, together with others, did knowingly subscribe as true, under penalty of perjury under Title 28, United States Code, Section 1746, one or more false statements with respect to one or more material facts, to wit: that Alien applicants for P-3 visas were culturally unique artists and performers and part of culturally unique programs

6

scheduled to perform in the United States, in one or more applications, affidavits and other documents required by the immigration laws and regulations prescribed thereunder, to wit: a Form I-129 as set forth below and supporting documents, and knowingly present such applications, affidavits and other documents which contained false statements and which failed to contain any reasonable basis in law and fact:

| COUNT | DATE | DEFENDANTS | FORM I-129 PETITION NUMBER (LAST FOUR DIGITS) |
|---|---|---|---|
| TWO | August 16, 2013 | BOYADJIAN and GRIGORYAN | 2019 |
| THREE | November 20, 2013 | BOYADJIAN, GRIGORYAN and ATOYAN | 1685 |
| FOUR | February 3, 2014 | BOYADJIAN and ATOYAN | 1525 |
| FIVE | January 24, 2014 | BOYADJIAN | 1857 |
| SIX | March 20, 2014 | BOYADJIAN | 1818 |
| SEVEN | August 25, 2014 | BOYADJIAN and ATOYAN | 1177 |
| EIGHT | June 4, 2014 | BOYADJIAN and ATOYAN | 1324 |
| NINE | July 31, 2014 | BOYADJIAN | 2151 |
| TEN | April 3, 2014 | BOYADJIAN and ATOYAN | 1415 |
| ELEVEN | May 27, 2014 | BOYADJIAN and ATOYAN | 1952 |

(Title 18, United States Code, Sections 1546(a), 2 and 3551 et seq.)

COUNT TWELVE
(Money Laundering Conspiracy)

17.  The allegations contained in paragraphs one through 11 are realleged and incorporated as though fully set forth in this paragraph.

18.  In or about and between January 2013 and December 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

7

defendants STELLA BOYADJIAN and DIANA GRIGORYAN, also known as "Dina Akopovna," together with others, did knowingly and intentionally conspire to transport, transmit and transfer monetary instruments and funds to one or more places in the United States from and through one or more places outside the United States, (a) with the intent to promote the carrying on of specified unlawful activity, to wit: visa fraud, in violation of Title 18, United States Code, Section 1546(a), contrary to Title 18, United States Code, Section 1956(a)(2)(A), and (b) to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, knowing that the monetary instruments and funds involved in the transportation, transmission and transfer would represent the proceeds of some form of unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(2)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT THIRTEEN
(Money Laundering)

19. The allegations contained in paragraphs one through 11 are realleged and incorporated as if fully set forth in this paragraph.

20. On or about September 25, 2013, within the Eastern District of New York and elsewhere, the defendant DIANA GRIGORYAN, also known as "Dina Akopovna," together with others, did knowingly and intentionally transport, transmit and transfer one or more monetary instruments and funds to a place in the United States from and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, to wit: visa fraud, in violation of Title 18, United States Code, Section 1546(a).

(Title 18, United States Code, Sections 1956(a)(2)(A), 2 and 3551 et seq.)

## COUNT FOURTEEN
(Money Laundering)

21. The allegations contained in paragraphs one through 11 are realleged and incorporated as if fully set forth in this paragraph.

22. On or about December 20, 2013, within the Eastern District of New York and elsewhere, the defendant DIANA GRIGORYAN, also known as "Dina Akopovna," together with others, did knowingly and intentionally transport, transmit and transfer one or more monetary instruments and funds to a place in the United States from and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, to wit: visa fraud, in violation of Title 18, United States Code, Section 1546(a).

(Title 18, United States Code, Sections 1956(a)(2)(A), 2 and 3551 et seq.)

## COUNT FIFTEEN
(Aggravated Identity Theft)

23. The allegations contained in paragraphs one through 11 are realleged and incorporated as if fully set forth in this paragraph.

24. On or about and between August 22, 2014 and October 6, 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant STELLA BOYADJIAN, during and in relation to the crimes charged in Counts One and Seven, did knowingly and intentionally possess and use, without lawful authority, means of identification of another person, to wit: John Doe, an individual whose identity is known to the Grand Jury, knowing that the means of identification belonged to another person.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(7) and 3551 et seq.)

# CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE THROUGH ELEVEN

25. The United States hereby gives notice to the defendants charged in Counts One through Eleven that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(6), which requires the forfeiture of: (a) any conveyance, including any vessel, vehicle or aircraft used in the commission of such offenses; (b) any property real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from, the commission of such offenses; and (c) any property real or personal that is used to facilitate, or is intended to be used to facilitate, the commission of such offenses.

26. If any of the above-described forfeitable property, as a result of any act or omission of such defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(6) and 982(b)(1); Title 21, United States Code, Section 853(p))

<u>CRIMINAL FORFEITURE ALLEGATION<br>AS TO COUNTS TWELVE THROUGH FOURTEEN</u>

27. The United States hereby gives notice to the defendants charged in Counts Twelve through Fourteen that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offenses to forfeit any property, real or personal, involved in such offenses, or any property traceable to such property.

28. If any of the above-described forfeitable property, as a result of any act or omission of such defendants:

 (a) cannot be located upon the exercise of due diligence;

 (b) has been transferred or sold to, or deposited with, a third party;

 (c) has been placed beyond the jurisdiction of the court;

 (d) has been substantially diminished in value; or

 (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

_____
TERESA MCHENRY
CHIEF, HUMAN RIGHTS AND SPECIAL
PROSECUTIONS SECTION
CRIMINAL DIVISION
DEPARTMENT OF JUSTICE

F. # 2016R01231

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

*STELLA BOYADJIAN, et al.,*

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 371, 982(a)(1), 982(a)(6), 982(b)(1), 1028A(a)(1), 1028A(b), 1028A(c)(7), 1546(a), 1956(a)(2)(A), 1956(h), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

*David Gopstein, Assistant U.S. Attorney (718) 254-6153*
*Sasha N. Rutizer, DOJ Trial Attorney (202) 305-1216*