# Federal Defenders
## OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David Patton
*Executive Director and*
*Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

February 26, 2018

**By ECF and hand-delivery**

Mr. David Gopstein, Esq.
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

Ms. Sasha Rutizer, Esq.
U.S. Department of Justice
Criminal Division
Human Rights And Special Prosecutions Section
1301 New York Ave Nw
Washington, DC 20530

**RE**: **United States v. Stella Boyadjian, 18 CR 57 (MKB)**

Dear Mr. Gopstein and Ms. Rutizer:

Please accept this letter in lieu of a formal motion for discovery.  In accordance with Federal Rules of Criminal Procedure 16, 7(f), 12(c), and 12(d), and Federal Rules of Evidence, Rules 104, 403, 404, 608 and 609, I ask on behalf of the defendant for the right to receive, duplicate, discover and inspect each of the following:

DISCOVERY

1.    Pursuant to Federal Rules of Criminal Procedure, Rule 16(a)(1)(A); *Bruton v. United States*, 391 U.S. 123,(1967); and, *United States v. Percevault*, 490 F.2d 126 (2d Cir. 1974):

    (a)  please provide and permit me to inspect and copy or photograph any relevant written, recorded, or oral statements made by the defendant, co-defendants, and/or alleged co-conspirators indicted or unindicted, or copies thereof,

including but not limited to tapes, transcripts or notes memorializing the words of the defendant, and also including but not limited to any statement which the defendant made orally or in writing or which bears the defendant's signature or the designation of any company or business allegedly controlled by the defendant relating in any way to a report as defined in 31 U.S.C. § 5316(b), which are in the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and if so, please state the names of any and all individuals who made the written or recorded statements or who were present when the statements were made; please provide all agents' reports containing the substance of such oral statements;

(b) please state whether any statements were obtained through the use of electronic surveillance, and if so, provide copies of any and all warrants for such surveillance, sealing orders, logs, supporting affidavits and reports of returns on the warrants connected with this case, and whether or not any arrests, seizures, or electronic surveillances were made as a result of the applications;

(c) please provide and permit me to inspect and copy or photograph all reports or memoranda in the possession of the government which memorialize any oral statement which the government intends to offer in evidence at the trial made by the defendant, co-defendants, and/or any indicted or unindicted alleged co-conspirators whether before or after arrest. When such statements were made, who was present at the time, whether Miranda warnings were given and the names of any individuals to whom these statements were made; the same for any such statements which the government does not intend to introduce;

(d) please indicate whether the government is in possession of any statements made by persons other than the defendant which it intends to offer under an exception to the hearsay evidentiary rules or which might possibly draw an objection to admissibility based upon such rules. Please indicate the substance of any such statements and the theory under which the government contends they are admissible.

2. Pursuant to Federal Rules of Criminal Procedure 16(a)(1)(B), Federal Rules of Evidence Rules 403, 404, 608 and 609, *United States v. Figueroa*, 618 F.2d 934 (2d Cir. 1980), *United States v. Mohel*, 604 F.2d 748 (2d Cir. 1979), *United States v. Lyles*, 593 F.2d 182 (2d Cir. 1979), *United States v. Manafzadeh*, 592 F.2d 81 (2d Cir. 1979), *United States v. O'Connor*, 580 F.2d 38 (2d Cir. 1978), *United States v. DeVaughn*, 579 F.2d 225 (2d Cir. 1978), *United States v. Benedetto*, 571 F.2d 1246 (2d Cir. 1978):

(a) please provide a legible copy of the F.B.I. report, INTERPOL, or

N.Y.S.I.I.S. report of defendant's prior criminal record, if any;

(b)  please state whether the government intends to offer evidence of prior or subsequent criminal bad acts of the defendant  in connection with this case, and if so, please provide the particulars of those acts including time, date, location of the commission of the acts, a description of the acts, and whether any court proceedings resulted, and if so, in what court and with what result.

3.     Pursuant to Federal Rules of Criminal Procedure Rule 16(a)(1)(c) and 12(c), and *Payton v. New York*, 445 U.S. 573 (1980), *Mincey v. Arizona*, 437 U.S. 385 (1978), *Manson v. Brathwaite*, 432 U.S. 98 (1977), *Chimel v. California*, 395 U.S. 752 (1969), *Simmons v. United States*, 390 U.S. 377 (1968), *United States v. Chadwick*, 532 F.2d 773 (1st Cir. 1976), *aff'd* 433 U.S. 1 (1977), please provide copies of or permit me to inspect and photograph the following:

(a)  all books, papers, documents, photographs, drawings, film, video tape, tangible objects, buildings or places, personal effects taken from the location of arrest and any other physical evidence which is in the possession, custody or control of the government or its agents, which are material to this case, or trial, or which were obtained from or belonging to the defendant;

(b)  if any evidence obtained was taken from and/or belongs to the defendant, state whether it was taken pursuant to a warrant, and if so please attach copies of all such warrants, supporting affidavits and reports of returns on all such warrants and provide the names of any officers involved, and the date, time and exact location of any such seizures;

(c)  if any evidence obtained was taken from or belongs to any defendant and was not taken pursuant to a warrant, please provide the names of any officers involved, the date, time, and exact location of any such evidence seized, and state how it was packaged at the time of seizure;

(d)  the exact location where each item was allegedly seized;

(e)      if, during the course of the investigation of this matter, the defendant's photograph, likeness, or image was exhibited to anyone not then employed by a law enforcement agency, please state the date, time and place of each occurrence, a description of the identification procedure used, and the names of all persons including counsel who were present;

4.     Pursuant to Federal Rules of Criminal Procedure Rule 16(a)(1)(D): please provide copies, or permit me to inspect and copy the results or reports of any

laboratory or scientific tests and experiments or computer analyses, including physical or mental examinations and reports thereof, in the possession or control of the government or its agents, the existence of which is known or could by due diligence become known to the attorney for the government, which the government intends to introduce at trial or which may be material to the preparation of the defense case; if reports have not been made, provide a description of the witnesses' opinions, the bases and reasons thereof, and the witnesses' qualifications.

5.      Pursuant to *United States v. Giglio*, 405 U.S. 150 (1972), *Napue v. Illinois*, 360 U.S. 264 (1959), *United States v. Cannone*, 528 F.2d 296 (2d Cir. 1975), *United States v. Percevault*, 490 F.2d 170 (9th Cir. 1973), *United States v. Richter*, 488 F.2d 170 (9th Cir. 1973), *United States v. Baum*, 482 F.2d 1325 (2d Cir. 1973) and Federal Rules of Evidence, Rules 608 and 609, please provide:

(a)  a list of witnesses the government intends to call at trial, including the names and addresses of all persons said to have been present at or to have personal knowledge of any statements or actions of the defendant and their addresses, agency affiliation (if relevant) and criminal record, if any;

(b)  copies of prior statements of witnesses or reports of agents related to this case;

(c)  the names and addresses of any person present during any part of the commission of any of the acts alleged in the indictment whom the government does not intend to call as a witness;

(d)  copies of any "letter agreements" entered into, or any other agreement made, between the government or its agents and any prospective witness offering assistance to the witness in obtaining leniency in any court, or lack of prosecution or arrest, or any other favorable treatment or consideration for the efforts made in connection with any aspect of this case by the witness.

6.      Pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957)*, United States v. Giglio*, 405 U.S. 150 (1972), *Napue v. Illinois*, 360 U.S. 264 (1959), *McCray v. Illinois*, 386 U.S. 300 (1967), *United States v. Turbide*, 558 F.2d 1053 (1977), please state:

(a)  whether any government informant is alleged to have participated in any of the acts alleged in the indictment, and the names and addresses of any and all such persons;

(b)  whether any government informant is alleged to have been present during any of the acts alleged in the indictment, and the name and address of any

and all such persons;

       (c)  whether any government informant has provided any information which led to the arrest of the defendant;

       (d)  if the answer to (a), (b) or (c) above is "yes", please state:

          1) whether the informant was registered or not;

          2) whether the informant has worked for the government in the past;

          3) whether the informant has a prior criminal record and if so, provide it;

          4) whether the informant was paid for his or her efforts in this case and if so, how much;

          5) whether the informant has any pending cases anywhere, and if so, whether any assistance or consideration was offered or is intended by the government to be offered on behalf of the informant with respect to any pending case the informant has;

       (e)  whether any government informant provided probable cause for the arrest or apprehension of the defendant or seizure of evidence, and if so please make that person available for an *in camera* inspection by the court; and

       (f)  copies of any "letter agreements" entered into, or any other agreement made, between the government or its agents and any prospective informant offering assistance to the informant in obtaining leniency in any court, or lack of prosecution or arrest, or any other favorable treatment or consideration for the efforts made in connection with any aspect of this case by the informant.

    7.  Pursuant to the Constitutional requirements of *United States v. Agurs*, 427 U.S. 97 (1927), *Giles v. Maryland*, 386 U.S. 66 (1967), and *Brady v. Maryland*, 373 U.S. 83 (1963), please provide any exculpatory or favorable evidence or information, or any evidence or statements of anyone which may be favorable to the defendant or which may tend to exonerate him/her, which is in the possession or control of the government or its agents, or, if unknown, can by due diligence become known or acquired by the government, or its agents, including, but not limited to, the following:

       (a)  copies of any statement or the substance of any oral statements

made by any prospective government witness, or by any co-defendant or alleged co-conspirator indicted or unindicted, which is exculpatory of or favorable to the defendant, or which is inconsistent with any fact the government alleges with respect to the charges in the indictment;

      (b)  copies of any statements or the substance of any oral statements made at any time by the defendant in which he/she refused to participate in the acts alleged;

      (c)  state whether any prospective government witness has a criminal record; if so, please provide a copy of the arrests record including the N.Y.S.I.I.S. "rap sheet" and the F.B.I. record; if there is a record, please provide it one month prior to trial so that supporting documents can be subpoenaed; in addition please specify if the witness has committed a prior bad act which did not result in a conviction;

      (d)  copies of any reports of mental illness, drug use, excessive alcoholism, or any medical condition which would affect the ability to observe or remember an observed fact of any prospective government witness or informant; or

      (e)  reports of any statement by any prospective witness or agent or informant who, having been in a position to observe the defendant in a location relevant to the commission of the alleged crimes, failed at a later date to identify the defendant as the person who was in that location;

      (f)  any other information about any prospective witness or informant that impeaches their credibility by demonstrating interest, motives, prejudices, hostilities, means for obtaining knowledge or associations.

    8.      Pursuant to 18 U.S.C. § 2703(D); 18 U.S.C. §§ 3122, 3123; and *In the Matter of Applications of the United States of America for Orders (1) Authorizing the Use of Pen Registers and Trap and Trace Devices and (2) Authorizing Release of Subscriber Information*, 515 F. Supp. 2d 325 (E.D.N.Y. 2007):

      (a) please provide all records or materials concerning cached emails or other electronic communications which were acquired by the government from defendant, co-conspirators or any third party in connection with this case. This includes, but is not limited to, wire or electronic communications that are in electronic storage in an electronic communications system. Please provide copies of any applications, orders, warrants, and "(d) subpoenas" that were prepared in connection with this case;

      (b) please provide all records or materials concerning IP (Internet

Protocol) addresses of websites the defendant visited and the to/from addresses of the defendant's emails which the government obtained through the use of a pen register. Please provide copies of any applications, orders, warrants, and subpoenas that were prepared in connection with this case;

(c) in addition, please provide all records or materials concerning the full Uniform Resource Locators (URLs, or web addresses) visited by the defendant, and the total volume of information transmitted to or from the defendant's account which the government has obtained in relation to this case;

(d) please provide all records and materials concerning "post-cut-through dialed digits," which include any numbers dialed after a call is initially routed, obtained using a pen register or a trap and trace device which the government has obtained in relation to this case. This includes information from a pen register, which records numbers dialed for outgoing calls made from the target phone, as well as information from a trap and trace device, which captures the numbers of calls made to the target phone. Please provide copies of any applications, orders, warrants, and subpoenas that were prepared in connection with this case;

(e) please provide all records and materials concerning real-time and historical cell phone location tracking which the government has obtained in relation to this case. This "cell-site data" includes, but is not limited to, the location of the cell site/sector (physical addresses) at call origination (for outbound calling), at call termination (for incoming calls), and during the progress of the call, for the subject telephone. Please provide copies of any applications, orders, warrants, or subpoenas that were prepared in connection with this case;

(f) please provide all other material that was obtained as a result of digital searches and seizures, whether with or without a warrant or subpoena.

9.      Pursuant to *United States v. Taylor*, 707 F. Supp. 696, 702 (S.D.N.Y. 1989) please provide:

(a) the dates, means used, and complete circumstances, including a description of the activities or conversations surveyed, of all instances of surveillance of the defendant, and of all instances of surveillance of conversations, meetings or activities to which the defendant was a party, whether or not the surveillance was directed to the defendant by the government or any of its agents, special employees, or any other persons acting at their behest and authority, whether express or implied;

(b)  the dates, means used, and complete circumstances, including the

nature of the activities or conversations surveyed, of all instances of surveillance of the defendant's home, place of business, or other property owned by the defendant, whether or not the defendant was observed in the course of the surveillance by the government or any of its agents, special employees, or any other persons acting at their behest and authority, whether express or implied;

      (c) the existence of all recordings, documents, notes, memoranda, summaries, tapes, discs, or any other stored information, relating to such surveillance, and with regard thereto to give:

      (1) the name or other means of identifying each such recording, document, etc.;

      (2) a description of the content of each such recording, document, etc.; and

      (3) the location of each such recording, document, etc.

    Thank you for your attention to this matter.

        Very truly yours,

        /s/

        Michael K. Schneider, Esq.
        (718) 330-1161

cc:    Clerk of the Court (by ECF)